# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

JS-6

| Case No. | CV-11-01858-CAS(Ex) | Date | June 20, 2011 |
|---|---|---|---|
| Title | SERVICE PARTNERS, LLC v. AMERICAN HOME ASSURANCE CO. | | |

Present: The Honorable CHRISTINA A. SNYDER

| CATHERINE JEANG | LAURA ELIAS | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Joseph McMillen                     Mona Hanna

**Proceedings:**   **SERVICE PARTNERS, LLC'S MOTION TO COMPEL ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT** (filed 03/25/11)

## I. INTRODUCTION AND BACKGROUND

On March 3, 2011, plaintiff Service Partners, LLC ("Service Partners") filed a motion to compel arbitration. On March 25, 2011, plaintiff filed its first amended motion to compel arbitration ("Mot."). On March 28, 2011, defendant American Home Assurance Company ("AHAC") filed an opposition to plaintiff's motion to compel arbitration and followed with an opposition to plaintiff's first amended motion to compel arbitration on April 25, 2011 ("Opp."). On May 9, 2011, plaintiff filed a reply in support of its first amended petition for and order compelling arbitration. Plaintiff's motion to compel arbitration is currently before the Court.

Plaintiff Service Providers and defendant entered into an agreement entitled "Payment Agreement For Insurance and Risk Management Services effective on the 30th day of July, 2001" (the "Agreement") which contains an arbitration provision. The pertinent provisions of the agreement provide as follows:

   HOW WILL DISAGREEMENTS BE RESOLVED?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV-11-01858-CAS(Ex) | Date | June 20, 2011 |
|---|---|---|---|
| Title | SERVICE PARTNERS, LLC v. AMERICAN HOME ASSURANCE CO. | | |

> **Arbitration Procedures**
> **How arbitrators must be chosen**: *You* must choose one arbitrator and we must choose another. They will choose the third. If *you* or we refuse or neglect to appoint an arbitrator within 30 days after written notice from the other party requesting it to do so, or if the two arbitrators fail to agree on a third arbitrator within 30 days of their appointment, either party may make an application to a Justice of the Supreme Court of the State of New York, County of New York and the Court will appoint the additional arbitrator or arbitrators.
> **Qualifications of arbitrators:** Unless *you* and we agree otherwise, all arbitrators must be executive officers or former executive officers of property or casualty insurance or reinsurance companies or insurance brokerage companies, or risk management officials in an industry similar to *yours*, domiciled in the United States of America not under the control of either party to this Agreement.
> **How the arbitration must proceed:** The arbitrators shall determine where the arbitration shall take place. The arbitration must be governed by the United States Arbitration Act, Title 9 U.S.C. Section 1, et seq...

Exhibit A-14-15 to Opp.

    On July 6, 2010, plaintiff demanded arbitration and named its arbitrator, Donald Bendure ("Bendure"). Defendant retained counsel in August 2010 and on December 1, 2010, defendant named its party arbitrator, Thomas Geissler. Defendants raised questions about Bendure's ability to serve as an arbitrator[1] and on January 11, 2011, proposed several supplemental provisions regarding arbitration procedures. Exhibit A-32 to Mot. Plaintiffs sent a redline of the proposed

---

[1] Defendants allege they objected to Mr. Bendure as early as December 2010. Opp. at 2-3. Plaintiffs contended defendants first objection was in February 2011. Mot at 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV-11-01858-CAS(Ex) | Date | June 20, 2011 |
|---|---|---|---|
| Title | SERVICE PARTNERS, LLC v. AMERICAN HOME ASSURANCE CO. | | |

supplemental procedures on January 31, 2011 and on February 1, 2011, defendant e-mailed its redline copy of the proposed supplemental procedures, this time including a method for disqualification of party arbitrators. Exhibits A-34, A-35 to Mot. On February 10, 2011, defendant objected in writing to Bendure serving as plaintiff's named arbitrator. Exhibit A-42 to Mot. On the same day, Service Partners informed AHAC that "all conceptual proposals for a 'supplemental' procedural agreement to the arbitration agreement [were] off the table." Exhibit D-22 to Opp. AHAC refused to proceed to arbitration unless plaintiff selected a new arbitrator and on February 11, 2011, informed plaintiff that they intended to petition the Supreme Court of New York to settle the dispute over Bendure. Exhibit E-24 to Opp. Plaintiff refused to replace Bendure and filed the motion to compel arbitration that is currently before the Court.

## II.   LEGAL STANDARD

"An agreement to arbitrate is a matter of contract: 'it is a way to resolve those disputes - but only those disputes - that the parties have agreed to submit to arbitration.'" Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting First Options fo Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995)). As with any other contract dispute, the court must first look to the express terms of the contract. Id.

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. It is a matter to be determined by the court whether the FAA applies to a certain agreement; "[a]s a threshold matter, the FAA applies if, among other things, the contract requires dispute resolution 'by arbitration.'" Judge William W. Schwarzer, California Practice Guide: Federal Civil Procedure Before Trial, § 16:63.1 (The Rutter Group 2002) (citing Portland Gen. Elec. Co. v. United State Bank Trust Nat'l Ass'n as Trustee for Trust No. 1, 218 F.3d 1085, 1089 (9th Cir. 2000)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**          JS-6

| Case No. | CV-11-01858-CAS(Ex) | Date | June 20, 2011 |
|---|---|---|---|
| Title | SERVICE PARTNERS, LLC v. AMERICAN HOME ASSURANCE CO. | | |

Any party to an arbitration agreement covered by the FAA who is "aggrieved by the alleged . . . refusal of another to arbitrate" may petition a federal district court[2] "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

The FAA further provides that,

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in the filling of a vacancy, then upon application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire as the case may require.

9 U.S.C. § 5.

### III.     DISCUSSION

Neither party contests that the Agreement contained an arbitration provision, the validity or fairness of that provision, or that the underlying disputes fall under the arbitration provision of the Agreement. Opp at 1. However, defendant argues that plaintiff's chosen arbitrator should be disqualified and further, that a venue

---

[2] With a few exceptions, the FAA standing alone does not create an independent basis for federal subject matter jurisdiction. <u>Southland Corp. v. Keating</u>, 465 U.S. 1, 16 (1984). Accordingly, an independent basis for federal jurisdiction must otherwise be established before a federal court can entertain a petition to compel arbitration under the FAA. <u>Id.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL** JS-6

| Case No. | CV-11-01858-CAS(Ex) | Date | June 20, 2011 |
|---|---|---|---|
| Title | SERVICE PARTNERS, LLC v. AMERICAN HOME ASSURANCE CO. | | |

provision in the Agreement requires this dispute to be heard by the Supreme Court of New York. Opp. at 1. Plaintiff contends that the FAA governs this dispute, and thus this is the proper venue. Additionally, plaintiff contends there is nothing in the Agreement or in federal law that provides for the disqualification of a named arbitrator prior to the entry of an arbitration award. Further, plaintiff argues that their selected arbitrator is qualified. Mot. at 11.

**A. Venue**

Defendant contends that the Agreement contains a provision whereby all disputes over arbitrators should be filed with the Supreme Court of New York, Opp. at 1and relies on the section of the Agreement entitled "Arbitration Procedures: How Arbitrators Must Be Chosen," which reads:

> If *you* or we refuse or neglect to appoint an arbitrator within 30 days after written notice from the other party requesting it to do so, or if the two arbitrators fail to agree on a third arbitrator within 30 days of their appointment, either party may make an application to a Justice of the Supreme Court of the State of New York, County of New York and the Court will appoint the additional arbitrator or arbitrators.

Opp. at 1, Exhibit A to Opp. at 15 (emphasis in original). Defendant contends that since plaintiff's nominated arbitrator is not qualified, it is akin to plaintiff not nominating anyone.[3] Therefore, defendant argues that plaintiffs have failed to comply with the terms of the Agreement and the Supreme Court of New York has jurisdiction to appoint an arbitrator on plaintiff's behalf. Opp. at 13.

Plaintiff argues that the Supreme Court of the New York "only has jurisdiction to resolve two very specific issues: (i) where a party refuses or neglects

---

[3]The issue of arbitrator qualification is discussed infra, section B.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV-11-01858-CAS(Ex) | Date | June 20, 2011 |
| Title | SERVICE PARTNERS, LLC v. AMERICAN HOME ASSURANCE CO. |

to appoint an arbitrator at all, and (ii) where the two arbitrators fail to agree on a third arbitrator." Reply at 2. Plaintiff argues that "the New York venue language is limited to 'How Arbitrators Must be Chosen Provision' and thus is not applicable to a dispute over qualifications" Id. Further, plaintiff argues that since the Agreement's arbitration provision states, "[t]he arbitration must be governed by the United States Arbitration Act, Title 9 U.S.C. §1, et seq. [the FAA]...," the FAA governs whether an arbitrator meets the criteria under the "Qualifications of Arbitrators" subsection. Mot. at 10.

The Court finds that the Agreement gives limited jurisdiction to the Supreme Court of New York which does not include disputes over the qualifications of named arbitrators. This dispute falls under the FAA, which encompasses every other procedural aspect of the Agreement pursuant to the section titled "How Arbitration must proceed" ("The arbitration must be governed by the United States Arbitration Act, Title 9 U.S.C. Section 1, et seq..." Exhibit A-15 to Opp.). Therefore, this court is the correct forum to adjudicate this motion.[4]

**B. Bendure's Qualifications**

Defendant argues that Bendure should be disqualified as an arbitrator under the Agreement referring to the "Qualifications of Arbitrators" section of the Agreement which states,

---

[4] Jurisdiction is also proper in this court because there is complete diversity between plaintiff and defendant and the amount in controversy exceeds $75,000. Venue is proper in this District because a "substantial part of the transactions and occurrences giving rise to this dispute occurred in the County of Los Angeles." Mot. at 2-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV-11-01858-CAS(Ex) | Date | June 20, 2011 |
|---|---|---|---|
| Title | SERVICE PARTNERS, LLC v. AMERICAN HOME ASSURANCE CO. | | |

> Unless *you* and we agree otherwise, all arbitrators must be executive officers or former executive officers of property or casualty insurance or reinsurance companies or insurance brokerage companies, or risk management officials in an industry similar to *yours*, domiciled in the United States of America not under the control of either party to this Agreement.

Opp. at 9, Exhibit A-15 to Opp. (emphasis in original). Specifically, defendant refers to the sentence that reads neither arbitrator can be "under the control of either party to this Agreement." Opp. at 9. Defendant contends that petitioner's appointed arbitrator is improper because (1) he is a former employee of defendant's parent company, (2) appointed arbitrator issued insurance policies for defendant while employed at its parent company AIG; (3) appointed arbitrator recently served as a party arbitrator for defendant; and (4) appointed arbitrator served in at least four cases as recently as a year and a half ago as a litigation consultant/expert witness directly for defendant and its parent company, AIG. Id. at 2. Defendant argues that Bendure's work as a litigation expert for its parent company gives Bendure "playbook information" on defendant. Opp. at 7. Additionally, defendant argues that this court has the power to remove Bendure before arbitration. Id. at 13.

      Plaintiff argues that Bendure meets all of the pre-requisites for qualification under the Agreement: he is not currently under the control of either party, he lives in Texas and, he is a former executive of TIG Ins. Co., a property and casualty insurance company similar to plaintiff's. Mot. at 12. Additionally, plaintiff contends that there are no provisions in the agreement allowing either party to challenge the other's appointed arbitrator, and "the law only permits it to disqualify an arbitrator *after* the award is entered." Id. at 8, 10 (emphasis in original). Therefore, they contend that defendant may not disqualify Bendure until

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL                          JS-6

| Case No. | CV-11-01858-CAS(Ex) | Date | June 20, 2011 |
| Title | SERVICE PARTNERS, LLC v. AMERICAN HOME ASSURANCE CO. |

after an arbitration award is entered. Id. at 10. Additionally, plaintiff argues that by objecting to their arbitrator, defendant has failed to proceed with arbitration in accordance with the terms of the agreement. Id. at 9.

Preliminarily, the Court finds that the Agreement does not allow one party to disqualify the other's named arbitrator. In reaching this conclusion, the Court relies on the absence of any such language in the Agreement. Additionally, as AHAC attempted in January to amend the Agreement to add such a clause, it appears that the intent when the contract was drafted was not to give the parties this opportunity.

Furthermore, the clear terms of the contract preclude selection of an arbitrator who is "under the control of either party." This provision is drafted in the present tense, and therefore, the Court interprets the provision to mean that neither arbitrator can currently be under the control of either party. Moreover, under the principle of *Contra Proferentem*, where a contract is reasonably susceptible to more than one meaning, "that meaning is generally preferred which operates against the party who supplies the words or from whom a writing otherwise proceeds." Restatement (Second) of Contracts § 206. Therefore, to the extent that there is any ambiguity in the provision, it must be construed against AHAC as the drafting party. Thus, the Court will not disqualify Bendure as a named arbitrator.

Additionally, the Court finds that it is not proper to entertain defendant's challenge to plaintiff's chosen arbitrator at this time. "It is well established that a district court cannot entertain an attack upon the qualifications of or partiality of arbitrators until after the conclusion of the arbitration and the rendition of an award." Aviall, Inc., v. Ryder System, Inc., 110 F.3d 892, 895 (2nd Cir. 1997); see also, Folse v. Richard Wolfe Med. Instruments Corp., F.3d 603, 605 (5th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**                                JS-6

| Case No. | CV-11-01858-CAS(Ex) | Date | June 20, 2011 |
|---|---|---|---|
| Title | SERVICE PARTNERS, LLC v. AMERICAN HOME ASSURANCE CO. | | |

1995) ("By its own terms, [9 U.S.C.] § 10 authorizes court action only after a final award is made by the arbitrator."). Further, "even where arbitrator bias is at issue, the FAA does not provide for removal of an arbitrator from service prior to an award, but only for potential vacatur of any award." Gulf Guar. Life Ins. Co. v. Connecticut Gen. Life Ins. Co., 304 F.3d 476, 490 (5th Cir. 2002)(internal citations omitted). Therefore, "absent extraordinary circumstances under which the Court's equitable powers could be invoked, such as overt misconduct on the part of the arbitrator, the remedy available to a party who suspects that an arbitrator will be impartial is to seek to vacate the award after it is rendered." Crim v. Pepperidge Farm, Inc., 32 F. Supp. 2d 326 (D. Md. 1999).

Defendant contends that replacing an arbitrator prior to proceeding is permitted. Opp. at 13. In support of its position, defendant primarily relies on three cases. However, the Court finds that each case is readily distinguishable from the facts in this case.[5]

---

[5] In Bennish v. North Carolina Dance Theater, 422 S.E.2d 335 (N.C. Ct. App. 1992), the issue revolved around a manifestly unfair arbitration agreement which would "make the proceedings inherently unfair and would tip the balance decidedly in favor of [the defendant]." Id. at 337. Here, the tripartite panel is not manifestly unfair, nor does it tip the balance in favor or either party. In Erving v. Virginia Squires Basketball Club, 468 F.2d 1064 (2d Cir. 1972), the court determined that a neutral arbitrator should be substituted because the one arbitrator named under the contract was a partner at the law firm representing the defendant. Id. at 1068. The facts of this case are distinguishable because Bendure is not currently an employee of either company and working as a freelance arbitrator or expert witness is not akin to being a partner in the law firm representing one of the parties. In Pacific Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp., 814 F.2d 1324 (9th Cir. 1987) the issue was not one of pre-award disqualification of a named arbitrator, but rather the court stepped in after a five month stalemate where

UNITED STATES DISTRICT COURT                             O
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**                              JS-6

| Case No. | CV-11-01858-CAS(Ex) | Date | June 20, 2011 |
|---|---|---|---|
| Title | SERVICE PARTNERS, LLC v. AMERICAN HOME ASSURANCE CO. | | |

The Court concludes that the parties have complied with the contractual provision for selection of arbitrators. Bendure is qualified under the terms of the agreement as he is a former executive in a company similar to plaintiff's, he is a resident of the United States and he is not under the control of either party. There is nothing in the Agreement which allows for one party to disqualify or even object to the other's arbitrator. Had AHAC wanted the ability to disqualify or object to Service's appointed arbitrator, they could have included a contractual provision that provided an opportunity to do so. However, no such clause exists, and it appears that recent efforts to amend the agreement with such a provision failed. Therefore, this Court will not disqualify Bendure prior to arbitration and, as there are no other objections to the arbitration, grants the plaintiff's motion to compel arbitration.[6]

///

///

///

---

the two named arbitrators were unable to come to an agreement on the third neutral party. The Pacific Reinsurance court was clear that its holding was only applicable to situations in which there was a clear breakdown in the appointment of an umpire or where there is no contractual provision for the selection of an umpire. Thus, it is not applicable to this situation.

[6]To the extent plaintiff requests costs and attorney fees, the Court finds it is not proper to do so at this time. If, after the matter has been arbitrated, one party fails to rightfully reimburse the other under the terms of the Agreement, the aggrieved party may then petition the court to intervene.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**     **JS-6**

| Case No. | CV-11-01858-CAS(Ex) | Date | June 20, 2011 |
|---|---|---|---|
| Title | SERVICE PARTNERS, LLC v. AMERICAN HOME ASSURANCE CO. | | |

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's motion to compel arbitration is GRANTED.

IT IS SO ORDERED.

|  | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |